IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

ESTATE OF ERIC S. ANDERSON,

Plaintiff,

v.   Civil Action No. AW-09-2553

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM OPINION**

The Plaintiff, the Estate of Eric S. Anderson, by its personal representative, Judy L. Anderson, brought the instant action against the Defendant, the United States of America, on September 30, 2009. Pending before the Court is Defendant's Motion for Summary Judgment. The Court has reviewed the Motion and all supporting documents filed by the Parties. For the reasons stated below, Defendants' Motion for Summary Judgment will be **DENIED** in part and **GRANTED** in part.

**I.   FACTS AND PROCEDURAL BACKGROUND**

In the early morning hours of Saturday, December 29, 2007, Tamara Wilson, stopped her vehicle on the right shoulder of Southbound BW Parkway and turned on her hazard lights, allegedly due to limited visibility and inclement weather conditions, including rain and fog. At the same time, her passenger, Eric Anderson, exited the vehicle for unknown reasons.

Around 2:40 a.m., Juremal Patterson, while in the scope of his employment with the United States Postal Service, was driving a Mack truck en route from Baltimore/Washington

International Thurgood Marshall Airport to the Postal Service's Suburban Processing and Distribution Center.  Mr. Patterson noticed Ms. Wilson's vehicle, parked on the right shoulder of the Parkway.  According to Mr. Patterson, he reduced his speed and conducted an avoidance maneuver by moving from the right lane of travel to the left lane to avoid Ms. Wilson's car on the right shoulder.  However, the Plaintiff contends that, according to witness statements, Mr. Patterson remained in the right lane and did not reduce his speed.

Nevertheless, soon after he passed Ms. Wilson's vehicle, Mr. Patterson suddenly saw that Mr. Anderson, who was wearing dark clothing, had stepped out of the left lane of travel directly in the path of the tractor-trailer, with his head down.  Mr. Patterson asserts that he applied his brakes.  However, he was unable to avoid colliding with Mr. Anderson.  The Defendant argues that Mr. Patterson was traveling at around 50 miles per hour.  The Plaintiff refutes this assertion, saying that Mr. Patterson was exceeding the legal speed limit of 55 miles per hour when he struck Mr. Anderson.

After the collision, Mr. Anderson was pulled under the truck where his head and body were crushed by the wheels of the truck, and he was decapitated.  Both Parties agree that Mr. Anderson died instantly.  Yet, the Plaintiff states that Mr. Anderson suffered pre-impact trauma, or fright, due to his awareness of the impending collision.  Defendant contests this position.

Several witnesses report that Mr. Anderson had been drinking heavily earlier that night. In fact, a police officer and deputy sheriff stated that they had to remove Mr. Anderson and Ms. Wilson for engaging in a drunken fight (both verbal and physical) at a nightclub earlier that evening.  After the accident, Mr. Anderson's blood-alcohol concentration measured at 0.21% by the Medical Examiner.  Still, the Plaintiff contends that the toxicology report was inaccurate, and

that the witness statements are inconsistent regarding how many drinks Mr. Anderson consumed, if any.

Investigators found copious amounts of blood on the inside of the Ms. Wilson's car that was unrelated to the accident that resulted in Mr. Anderson's death. Ms. Wilson could not explain how the blood ended up on the front passenger seat, steering wheel, and windows of her vehicle.

In accordance with these facts, the Plaintiff filed a Complaint in this Court, seeking four million dollars in damages for negligence on the part of the Defendant and such other and further relief as this Court may deem proper. Subsequently, the Defendant moved for summary judgment.

## II. STANDARD OF REVIEW

### A. Motion for Summary Judgment

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). To defeat a motion for summary judgment, the nonmoving party must present affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). However, in reviewing the Defendant's petition for summary judgment in the instant case, the Court will liberally construe the claims alleged in the Plaintiff's pleadings. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (stating that courts must liberally construe pro se litigants' claims); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. ANALYSIS

### A. Federal Torts Claim Act

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the Federal Tort Claim Act ("FTCA"), which is codified at 28 U.S.C. § 2671 *et seq*. The FTCA creates a limited waiver of sovereign immunity by permitting a claimant to bring a civil suit seeking money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment" to the extent that a private party would be liable for those acts under state law. 28 U.S.C. § 1346(b)(1); *see also Metz v. United States*, 723 F.Supp. 1133, 1137 (D. Md. 1989) (standing for the proposition that state law applies to claims brought under the FTCA). In the instant case, the Parties do not dispute that the incident occurred in Maryland; therefore, Maryland state law applies.

### B. Wrongful Death Claim

Under Maryland's wrongful death statute, primary beneficiaries are entitled to bring a wrongful death claim under Maryland law. According to the statute, the damages recoverable are such as the equitable plaintiffs have sustained by the death of the party injured. Maryland's statute provides that the primary beneficiaries of this type of claim are the spouse, parent, or child of the deceased person. *See* Md. Code Ann., Cts. & Jud. Pro. § 3-904. However, where no primary beneficiaries exist, then a secondary beneficiary, "any person related to the deceased person by blood or marriage who was substantially dependent upon the deceased," may bring a wrongful death cause of action. *Id.*

In the case at bar, Mr. Anderson's siblings have advanced the wrongful death cause of action, as the decedent did not have any relatives who could serve as primary beneficiaries in accordance with section 3-904. Yet, Mr. Anderson's siblings have conceded under oath that they were in no way dependent upon him, let alone "substantially dependent" upon him, as required by the statute. Therefore, there are no proper beneficiaries in this case to maintain a wrongful death action, and the Court **GRANTS** the Defendant's Motion for summary judgment as to the wrongful death claim.

### C. Survival Action

Pursuant to the Maryland survivorship statute, the personal representative of a decedent's estate may bring a survival cause of action to recover damages that the decedent could have recovered if he or she had survived. Md. Code Ann., Est. & Trusts § 7-401(y). "[A] survival action is the decedent's cause of action brought on his behalf after his death . . . the decedent is the claimant, and the personal representative merely his agent." *Benjamin v. Union Carbide Corp.*, 873 A.3d 463, 480 (Md. Ct. Spec. App. 2005) (stating "even though the action is brought after death, a survival action may accrue before the decedent dies because the claim arise out of personal injuries sustained by the decedent during his lifetime").

Damages recoverable in a Maryland survival action are limited to compensation for pain and suffering endured by the deceased, his lost time, and his funeral expenses. *See Stewart v. United Electric Light & Power Co.*, 104 Md. 332, 343, 65 A. 49, 53 (1906); *see also Tri-State Poultry Co-op., Inc. v. Carey*, 190 Md. 116, 57 A.2d 812 (1948). In the case at bar, the only damages claimed by the Plaintiff are for funeral expenses and pre-impact fright, which is the mental anguish or anxiety a decedent experiences as he becomes aware that he is in imminent danger due to an impending collision. Damages for pre-impact fright, may be awarded "where a decedent experiences great fear and apprehension of imminent death before the fatal physical impact" and only if the damages are "capable of objective determination." *Beynon v. Montgomery Cablevision Ltd. P'ship*, 351 Md. 460, 464 (1998). Accordingly, pre-impact fright damages "should compensate a decedent's fright, not the resultant death." *Id.* at 508.

In *Beynon*, the Court of Appeals held that an objective determination of the decedent's apprehension of imminent death was demonstrated when the decedent slammed on his brakes and created more than seventy-one feet of skid marks in fear of an impending automobile crash. *Id.* at 507. Conversely, in this case, the Plaintiff merely speculates that perhaps the decedent,

6

lowered his head in fear of the impending collision. This speculation is insufficient to meet the standard of an objective determination of the decedent's pre-impact fright. Therefore, the Court grants Defendant's Motion as it pertains to Plaintiff's "pre-impact trauma" allegation under the survival cause of action. However, the Plaintiff may still be entitled to funeral expenses, depending on the findings at trial. *See* Md. Code Ann., Est. & Trusts § 8-106(b).

### D. Contributory Negligence

The law in Maryland defines contributory negligence as "the failure to observe ordinary care for one's own safety. It is the doing of something that a person of ordinary prudence would not do under the circumstances." *Menish v. Polinger Co.*, 227 Md. 553, 558, 356 A.2d 233 (1976). According to the Maryland Court of Appeals, contributory negligence is conduct or behavior "on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 97, 222 A.2d 836 (1966).

In Maryland, contributory negligence is an absolute defense to a plaintiff's negligence claims, even if the defendant has been grossly negligent. *See Ramos v. Southern Maryland Electric Cooperative, Inc.*, 996 F.2d 52, 54-55 (4th Cir. 1993). In the instant case, if the decedent was contributorily negligent in any way, however miniscule, the Plaintiff will be unable to recover any damages.

The Defendant argues that evidence of contributory negligence on the part of the decedent is beyond dispute given that Mr. Anderson was on the interstate in the middle of a rainy and foggy night, wearing dark clothing, while intoxicated. The Plaintiff has maintained that the decedent may have been on the interstate that night involuntarily, considering that blood was

found on the inside of Ms. Wilson's vehicle before the accident, and that there was evidence that Mr. Anderson and Ms. Wilson were fighting physically earlier that evening.

The Maryland cases have uniformly held that intoxication, by itself, is not conclusive evidence of negligence. *See Quinn Freight Lines v. Woods*, 266 Md. 381, 389, 292 A.2d 669 (1972). However, evidence of intoxication may be considered by the trier of fact as part of the causal chain that led to the injury. *Mitchell v. Montgomery County*, 596 A.2d 93, 99 (Md. App. 1991). In other words, evidence of intoxication may help prove negligence, but may not stand alone as the final determinant of negligence.

The Court is convinced that genuine issues of material fact remain in this case, and that summary judgment is premature at this point in litigation. The Parties have not yet extensively presented arguments on the issue of negligence on the part of the Defendant. It is not clear how fast Mr. Patterson was traveling. Furthermore, the question remains as to why the decedent was on the highway. Although the Defendant has offered significant evidence indicating that the decedent may have been contributorily negligent, contributory negligence is ordinarily a question for the trier of fact. Therefore, weighing the pleadings of the pro se litigant liberally, the Court denies the Defendant's Motion for summary judgment on the issue of contributory negligence. The Parties will have an opportunity to argue the issue of contributory negligence, as well as general negligence on the part of the Defendant at the pending trial.

## IV. CONCLUSION

In summary, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's Wrongful Death claim, and limits Plaintiff's survival action to a claim for funeral expenses. Additionally, the Court **DENIES** Defendant's Motion for Summary Judgment on their affirmative defense of contributory negligence. The Court expresses some reservations about

whether the record presents sufficient meaningful evidence on the issue of negligence. Additionally, it appears that even if the Plaintiff were to prevail at trial, it is likely that the only damages recoverable would be funeral expenses. Notwithstanding, there is a genuine issue of material fact concerning negligence on the part of both the Plaintiff and the Defendant. Therefore, summary judgment as to all aspects of the negligence claim is inappropriate at this time. For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED** in part and **GRANTED** in part. A separate order will follow, and the Court will schedule a trial in this matter.

___March 26, 2011_____
             Date

_____/s/_____
Alexander Williams, Jr.
United States District Judge